UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CASE NO. _____

In Re:

LEONARDO POBLETE

APPLICATION FOR AN ORDER
DIRECTING DISCOVERY IN AID OF
FOREIGN PROCEEDINGS
PURSUANT TO 28 U.S.C. § 1782
_____/

*EX PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782
FOR AN ORDER DIRECTING DISCOVERY
<u>IN AID OF FOREIGN PROCEEDINGS</u>

The Applicant, Leonardo Poblete, submits this application for discovery in aid of foreign proceedings currently pending in Mexico before three different tribunals (the "Mexican Proceedings") arising from employment discrimination he suffered because of his sexual orientation.

## INTRODUCTION

Mr. Poblete has the potential to create historical precedent in Mexico by bringing civil and criminal claims arising from employment discrimination committed by UBS Servicios, S.A. de C.V. ("UBS Mexico"). In order to accomplish this feat and hold UBS Mexico accountable, Mr. Poblete needs documents and testimony from entities and individuals located here in the United States. This discovery will help him prevail in not one, but three seminal Mexican proceedings against UBS Mexico. The resolution of these proceedings affects not only Mr. Poblete but also carries the potential to create groundbreaking legal precedent for the entire Mexican LGBTTIQ+ community. As a result, the media and government in Mexico have been closely monitoring the Mexican Proceedings.

UBS Mexico's campaign of discrimination commenced after Mr. Poblete announced that he and his husband would be adopting a son. Shortly after that announcement, Mr. Poblete began experiencing discrimination at work due to his sexual orientation, including UBS Mexico passing him up for promotion and training opportunities, miscalculating his annual bonus, engaging in harassment, and otherwise treating Mr. Poblete in a hostile and discriminatory manner. Mr. Poblete brought UBS Mexico's discrimination to the attention of the National Council to Prevent and Eliminate Discrimination (a/k/a "CONAPRED")—a Mexican governmental agency belonging to the Executive Branch created in 2003 by federal law to prevent and eliminate discrimination. CONAPRED agreed that UBS Mexico discriminated against Mr. Poblete and issued preventive measures that UBS Mexico was required to take to remedy the discrimination, which is now subject to appeal.

In January of 2019, Mr. Poblete was fired from his job as legal director for UBS Mexico because of his sexual orientation. At least one Mexican agency has already agreed with Mr. Poblete and determined that UBS Mexico committed employment discrimination against him. Three cases are currently pending against UBS Mexico for its discrimination against Mr. Poblete, including a civil (moral damages action), a criminal action for discrimination, and a labor proceeding.

UBS Mexico responded by denying that Mr. Poblete had been discriminated against. UBS Mexico represented to CONAPRED that it had conducted its own internal investigation and determined that no discrimination occurred. When CONAPRED requested that UBS Mexico exhibit the investigative report, UBS Mexico refused. This internal report, among other discovery, is needed to help Mr. Poblete prove his cases.

Even worse, the Mexican attorney general determined *sua sponte* that a forged signature was used to file an amparo[1] on behalf of UBS General Counsel Global Wealth Management in Latin America, Aline de Menezes Santos.

This application will assist Mr. Poblete to finally resolve the Mexican Proceedings that have been pending for years.

## PARTIES, JURISDICTION AND VENUE

1. Leonardo Poblete is a Mexican citizen with his primary residence in Mexico.

2. UBS AG ("UBS") is a foreign corporation registered in Switzerland with a place of business in Weehawken, New Jersey. UBS is an entity from whom discovery is being sought.

3. UBS Business Solutions US, LLC ("UBS Solutions") is a subsidiary of UBS and a limited liability company registered in Delaware with a place of business in Weehawken, New Jersey. UBS Solutions is an entity from whom discovery is being sought.

4. Erin Rowin ("Ms. Rowin") is an individual from whom discovery is being sought. Ms. Rowin was previously the Employee Relations counsel at UBS or UBS Solutions. Ms. Rowin resides in this District.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1782.

6. This Court has personal jurisdiction pursuant to 28 U.S.C. § 1782 for the purpose of this Application over UBS, UBS Solutions, and Ms. Rowin (together the "Discovery Targets") because they reside or are found in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1782 because UBS, UBS Solutions, and Ms. Rowin reside or are found in this District.

---

[1] An amparo is a judicial action to protect an individual from the acts or omissions of the authorities that violate the human rights and guarantees protected by the Mexican Constitution.

## FACTUAL BACKGROUND

1.  Mr. Poblete began working at UBS Mexico in June of 2014 as a Legal Director. *See* **Exhibit 1**, Declaration of Leonardo Poblete dated September 14, 2023 ("Poblete Declaration"), at ¶ 4.

8.  Mr. Poblete identifies as a homosexual man and is married to a man. *Id*. at ¶ 5.

9.  In 2016 and 2018, respectively, Mr. Poblete and his husband adopted their children. *Id*. at ¶ 6.

10. After Mr. Poblete announced the arrival of his adoptive children, UBS Mexico began discriminating against Mr. Poblete because of his sexual orientation. More specifically, UBS Mexico engaged in various discriminatory acts, such as miscalculating his annual bonus, blocking opportunities for growth, training, harassment, and otherwise treating Mr. Poblete in a hostile and discriminatory manner. *Id*. at ¶¶ 10, 11.

11. UBS Mexico's discrimination against Mr. Poblete only escalated over time. *Id*. at ¶ 12.

12. As a result, on May 18, 2018, Mr. Poblete filed an internal complaint with UBS Mexico for discrimination based on his sexual orientation. *Id*. at ¶ 13.

13. As part of that internal investigation, UBS Mexico appointed its Employee Relations counsel Erin Rowin to assist in that process. *Id*. at ¶ 14. At all material times, Ms. Rowin resided in New Jersey. *Id*. at Ex. 1 (E-mail communication from E. Rowin).

14. When UBS Mexico failed to take corrective internal action, and given UBS Mexico's increase in hostilities and discrimination towards Mr. Poblete, on June 1, 2018, Mr. Poblete went to Consejo Nacional Para Prevenir la Discriminacion (known as "CONAPRED"). CONAPRED is the National Commission to Prevent and Punish Discrimination. Mr. Poblete

filed a complaint against UBS Mexico for the discriminatory acts committed against him because of his sexual orientation. *Id*. at ¶ 20.

15. On November 8, 2019, CONAPRED issued a resolution in which it determined that UBS Mexico committed acts of employment discrimination against Mr. Poblete, including among other things, that his labor rights were violated. *Id*. at ¶ 28. CONAPRED's ruling is now subject to appeal.

16. In order to stop UBS Mexico's hostilities against Mr. Poblete, CONAPRED issued preemptive measures in favor of Mr. Poblete, including ordering UBS Mexico to i) stop any discriminatory treatment against him, and ii) guarantee his labor rights, including permanence in employment. Not only did UBS Mexico not stop the employment harassment against Mr. Poblete, but the hostilities increased to the point that Mr. Poblete suffered an accident that resulted in surgery. Further, UBS Mexico conditioned the payment of Mr. Poblete's salary on him signing a temporary resignation resulting in his dismissal in complete violation of the preemptive measures imposed by CONAPRED and contrary to Mexican labor law. *Id*. at ¶ 22.

17. UBS Mexico failed to comply with these preemptive measures, and to the contrary, UBS Mexico's discrimination against Mr. Poblete increased.

18. In October 2021, UBS Mexico announced it would be closing its operations in Mexico. Through the efforts of Mr. Poblete's attorneys, the Court has precluded UBS Mexico from winding up its affairs in Mexico until after Mr. Poblete's proceedings have been resolved.

## **THE MEXICAN PROCEEDINGS**

19. There are currently three pending Mexican proceedings involving UBS Mexico and Mr. Poblete arising out of UBS Mexico's discrimination against him. There is a civil (moral damages action), a criminal action for discrimination, and a labor proceeding.

20. The moral damages lawsuit seeks damages, including punitive damages, for the employment discrimination suffered by Mr. Poblete at the hands of UBS Mexico.

21. The criminal lawsuit—based on Mexican law which criminalizes discrimination—seeks to hold those that discriminated against Mr. Poblete criminally accountable and involves the forged signature of an amparo purportedly submitted by UBS General Counsel Global Wealth Management in Latin America, Aline de Menezes Santos.

22. Lastly, the labor lawsuit seeks remedies for UBS Mexico's discrimination against Mr. Poblete including, but not limited to, reinstatement, payment of lost wages, salary increases, contractual improvements, interest, and accrued benefits such as vacations, vacation premium, Christmas bonus, overtime, and recognition of the retirement pension plan.

## THE INTERNAL REPORT & MS. ROWIN

23. Throughout the CONAPRED proceedings, UBS Mexico has defended, in part, on the basis that an internal investigation conducted by UBS Mexico resulted in a finding that UBS Mexico did not discriminate against Mr. Poblete. Despite putting this investigation report at-issue as part of its defense, and despite CONAPRED's request that UBS Mexico exhibit the report, UBS Mexico has failed to produce the report.

24. Ms. Rowin was at least partly responsible for this internal investigation and was part of the team at UBS that conducted the internal investigation for UBS Mexico.

25. In fact, Ms. Rowin is the first individual at UBS to contact Mr. Poblete about his employment complaints. Attached as **Exhibit 1** to Mr. Poblete's Declaration is an email dated May 18, 2018, in which Ms. Rowin first contacted Mr. Poblete to schedule a "private call."

26. Ms. Rowin communicated with Mr. Poblete on several occasions, in both oral and written communications, about the discrimination he was experiencing at UBS Mexico.

## **NECESSITY OF THE REQUESTED DISCOVERY**

27. In order to help prove UBS Mexico discriminated against Mr. Poblete (and also tried to conceal its discrimination), Mr. Poblete seeks an order from this Court, pursuant to 28 U.S.C. 1782, authorizing him to issue and serve a subpoena for testimony and the production of any documents related to UBS's internal investigation, UBS Mexico's participation in and knowledge of the discrimination against Mr. Poblete, Ms. Rowin's involvement in the internal investigation, and the forged signature on an amparo purportedly submitted by UBS General Counsel Global Wealth Management in Latin America, Aline de Menezes Santos.

28. Specifically, to do so, Mr. Poblete seeks to issue subpoenas to the Discovery Targets to gather documents and deposition testimony. Attached as Composite Exhibit 2 are Mr. Poblete's proposed subpoenas.

29. Via discovery sought in this case from the Discovery Targets, Mr. Poblete will obtain evidence for use in the three Mexican tribunals presiding over Mr. Poblete's proceedings against UBS Mexico to help support his claims for employment discrimination. *Id.* at ¶¶ 30, 31.

30. UBS's email servers are located in the United States, and Mr. Poblete has no way to gather email communications from UBS in the Mexican proceedings. Accordingly, the information in possession of the Discovery Targets is essential to the outcome of the Mexican Proceedings.

31. Further, Ms. Rowin is also located in the United States (specifically, New Jersey) and is in possession of information that will be relevant to the Mexican Proceedings, including, but not limited to, UBS's internal investigation.

32. The relief sought through this Application is authorized by Section 1782 and

has been routinely granted in this District and in other courts in relation to similar Section 1782 applications.

33. As more specifically described in Mr. Poblete's Memorandum of Law, assistance is appropriate here because the Discovery Targets each: (i) "resides" or is "found" within this District; (ii) the Applicant is an interested person to the Mexican Proceedings; (iii) the Mexican Proceedings are before a "foreign or international tribunal" in Mexico; and (iv) the information obtained will be in support of the Mexico Proceedings. *See* Mr. Poblete's Memorandum of Law, at pp. 6–7.

34. Moreover, granting this Application will further the twin goals of the statute of providing efficient means of assistance to participants in international litigation in our federal courts, while also encouraging foreign courts by example to provide similar means of reciprocal assistance to our courts. Finally, each of the four discretionary factors identified by the U.S. Supreme Court in its *Intel* decision weighs in favor of granting this Application. *Id*. at pp. 7–10.

**WHEREFORE**, pursuant to 28 U.S.C. § 1782, Mr. Poblete requests that this Court enter an Order authorizing the Applicant to issue and serve subpoenas on:

(a) <u>UBS and UBS Solutions,</u> for the production of the internal investigation report, email communications between Ms. Rowin, Scott Blair, Maria Leistner, Aline de Menezes Santos, Ximena Robles, Arianna Prasio, Victor Chavez, Emilio Mahuad Quijano, for decision-making that ultimately resulted in the violation of Mr. Poblete's employment rights, as well as to determine the knowledge that UBS had regarding the CONAPRED proceedings, and any documents related to the forged signature on an amparo purportedly submitted by UBS General Counsel Global

Wealth Management in Latin America, Aline de Menezes Santos.

(b) <u>Ms. Rowin</u>, for deposition testimony and the production of all documents concerning her knowledge of the internal investigation, the CONAPRED proceedings, and Mr. Poblete's complaints regarding the discrimination.

Dated: September 19, 2023.

Respectfully submitted,

**HAMILTON LAW FIRM PC**
13 Roszel Road, Suite C 200
Princeton, New Jersey 08540
Telephone: (609) 945-7310

By: /s/ *Ayesha Hamilton*
Ayesha Hamilton, Esq. (N.J. Bar No.
ahamilton@ahlawpc.com


**CALDERA LAW PLLC**
7293 NW 2nd Ave
Miami, Florida 33150
Telephone: (786) 321-3811

By:   /s/ *Anthony Narula*
Anthony V. Narula, Esq. (Fla. Bar No. 56546)
anthony@caldera.law
Christina Himmel, Esq. (Fla. Bar No. 111549)
christina@caldera.law
eservice@caldera.law

*Counsel for Mr. Poblete pending Pro Hac Vice Admission*