NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE LEONARDO POBLETE APPLICATION FOR AN ORDER DIRECTING DISCOVERY IN AID OF FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Civ. Action No. 23-20477 (MEF) (JSA)<br><br>OPINION[1] |

Before the Court is the motion of Respondent, Erin Rowin ("Respondent" or "Ms. Rowin"), to quash a subpoena for deposition testimony issued *ex-parte* pursuant to 28 U.S.C. § 1782. (ECF Nos. 14, 20). Petitioner, Leonardo Poblete ("Petitioner" or "Mr. Poblete"), opposes the motion. (ECF No. 18). No oral argument was heard, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, and for good cause shown, Respondent's motion to quash is **GRANTED**.

I.  RELEVANT BACKGROUND AND PROCEDURAL HISTORY[2]

Petitioner is the former Legal Director for UBS Mexico ("UBS Mexico"). (*See* ECF No. 12 at 1). He alleges that shortly after he and his husband announced that they would be adopting children, UBS Mexico began a campaign of employment discrimination against him due to his sexual orientation. (*Id.*) Petitioner further alleges that, as UBS Mexico's discrimination and

---

[1] The Third Circuit has not definitively addressed whether a magistrate judge's order on a Section 1782 application is dispositive. *See Arcelik A.S. v. E.I. Dupont De Memours & Co.*, 856 Fed. Appx. 392, 396 n.6 (3d Cir. 2021). However, the Court in *Arcelik* acknowledged that "the majority of district courts to consider this question have determined § 1782 orders are non-dispositive." *Id.* at 396 n.6 (citing *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019)); *see also In re Application of Mun*, 2023 WL 7074016, at *1 n.1 (D. Del. Oct. 26, 2023). Accordingly, this Court follows the majority of district courts, and thus, issues this Opinion.

[2] This background is drawn from the parties' submissions and the Court's Order dated January 31, 2024 (at times, the "January 31st Order"), (ECF No. 12), granting in part and denying in part Petitioner's initial *ex-parte* application for discovery, pursuant to Section 1782.

harassment escalated, he reported the misconduct to UBS's headquarters in the United States using an internal e-mail address designated to report discrimination. (*Id.*) Petitioner continues that he received an email response from Ms. Rowin, an employee of UBS's human relations department in New Jersey, and that they had a telephone conversation around the same time. (*Id.*) Petitioner also alleges that he had additional communications with Ms. Rowin and provided her with documentation regarding UBS Mexico's alleged sexual orientation-based discrimination. (*Id.*)

On September 19, 2023, Petitioner filed an *ex-parte* application in this Court, pursuant to 28 U.S.C. § 1782, seeking to serve (1) a subpoena on Ms. Rowin for her to appear for a deposition (at times, the "Rowin Subpoena"), and (2) subpoenas on UBS AG and/or UBS Business Solutions LLC to produce documents (the "UBS Subpoenas"). (ECF No. 1; the "*ex parte* application"). In connection with the *ex-parte* application, Petitioner represented that the discovery was being sought for use in three ongoing proceedings in Mexico involving UBS Mexico's alleged discrimination against him, which he described as "a criminal proceeding, a labor proceeding, and a civil (moral damages lawsuit) (the "Mexican Proceedings")." (*See* Declaration of Leonardo Poblete ("Poblete Decl.") ¶¶ 30-31; ECF No. 1-2).

Based on a review of the *ex-parte* application and supporting declarations, this Court entered the January 31st Order, granting, without prejudice, Petitioner's request to serve the Rowin Subpoena, and denying his request to serve the UBS Subpoenas. (*See* ECF No. 12).[3] As detailed in the January 31st Order, this Court's decision was made based on an "*ex-parte*, preliminary evaluation of the relevant Section 1782 considerations," (*id.* at 4), and "Ms. Rowin and any party to the Mexican Proceedings retain all rights under the Federal Rules of Civil Procedure if . . . served with the subpoena, including the right to file a motion to quash or modify the . . . Subpoena."

---

[3] The Rowin Subpoena is for a deposition only and did not attach a document demand. (*See* ECF No. 1-3). The subpoena does not identify in detail any topics for which testimony is sought. (*Id.*)

2

(*Id.*)[4]  The January 31st Order further noted that, should a motion to quash be filed, "the Court will further consider [the] Section 1782 statutory factors and the discretionary *Intel* factors."  (*Id.*)  Thereafter, Petitioner served the Rowin Subpoena on Respondent.

On March 22, 2024, Respondent filed the present motion to quash.  (ECF No. 14).

## II.   RESPONDENT'S MOTION

Respondent argues that Petitioner's subpoena should be quashed because he fails to meet Section 1782's statutory requirements as well as the discretionary factors set forth by the Supreme Court in *Intel Corp. v. Advanced Microchip Devices, Inc.*, 542 U.S. 241, 247 (2004).  Respondent argues that Petitioner fails to satisfy Section 1782's third statutory requirement—that the discovery sought be "for use" in a foreign proceeding—because Petitioner has not clearly explained the scope of the Mexican Proceedings,[5] their status, or how any deposition testimony would be used in these proceedings.  (*See* ECF No. 14-1 at 8-10).  Respondent continues that she is a defendant in a criminal proceeding in Mexico related to the allegations of sexual orientation discrimination, and thus forcing her to testify in response to Petitioner's subpoena would violate her privilege against self-incrimination in the Mexican Proceedings.  (*Id.* at 11-12).[6]  Accordingly, Respondent alleges

---

[4] Courts frequently issue Section 1782 orders on a preliminary, *ex parte* basis without prejudice to the subpoenaed party's right to move to quash or modify any resulting subpoena.  *See, e.g.*, *In re Yilport Holding A.S.*, 2023 WL 2140111, at *3 (D.N.J. Feb. 21, 2023); *In re Mesa Power*, 2012 WL 6060941, at *4 (D.N.J. Nov. 20, 2012) ("Applications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte* where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application. In addition, the subpoenaed person, once served, is entitled to move to quash or modify the subpoenas.") (citation omitted).

[5] Respondent contends there are five actions pending in Mexico as well as a concluded administrative action regarding the alleged discrimination against Petitioner, which date back to 2018.  (ECF No. 14-1 at 4). Based on its review of the parties' respective papers, the Court cannot definitely determine the precise number of proceedings in Mexico that involve the alleged sexual orientation discrimination at issue in the pending motion to quash.  This dispute is of no moment.  As demonstrated herein, Petitioner cannot satisfy all four statutory requirements irrespective of the actual number of related actions in Mexico.

[6] In support of this argument, Respondent submits the declaration of Jorge Sánchez Magallán Ortiz ("Ortiz Decl."), a criminal lawyer based in Mexico City, Mexico and a partner in the law firm of Rubí y Sánchez Magallán Abogados S.C.  (*See* Ortiz Decl., ¶ 1; ECF No. 14-2).  Mr. Ortiz represents UBS Servicos S.A. DE C.V., which is apparently one of the entities that Mr. Poblete has accused of discrimination in the courts of Mexico.  (Ortiz Decl., ¶ 2).  The Ortiz Declaration, discussed herein, opines on the scope of the privilege against self-incrimination in Mexico.

the Rowin Subpoena violates Section 1782's statutory prohibition against compelling the production of privileged information. (*Id.*) Finally, Respondent argues that Petitioner cannot satisfy the discretionary *Intel* factors on three grounds. First, Ms. Rowin is a party in at least the criminal proceeding in Mexico and could be subject to any permissible discovery in that case. Second, Petitioner is attempting to circumvent Mexico's procedural rules. And third, Petitioner has not shown the Rowin Subpoena seeks non-privileged, relevant information. (*Id.* at 13-18).

In opposition, Petitioner contends that he has satisfied Section 1782's statutory requirements because Mr. Poblete is a party to "all three Mexican Proceedings and would have the ability to introduce evidence in each of them." (ECF No. 18 at 6-8). Further, Petitioner argues that the deposition testimony sought is not barred by the privilege against self-incrimination, at least as it relates to the moral damages and labor proceedings. (*Id.* at 8-13).[7] Finally, Petitioner contends that the *Intel* factors support his request for Section 1782 discovery. (*Id.* at 14-20).

On reply, Respondent reiterates her argument that Petitioner has failed to show that the discovery sought is "for use" in a foreign proceeding because he has failed to adequately explain the status or nature of the Mexican Proceedings which have been pending for years and has failed to provide any detail about how Petitioner would intend to introduce the deposition testimony in a case in Mexico. (*See* ECF No. 20 at 5-6). Further, Respondent argues that the privilege against

---

[7] In support of his opposition to the motion to quash, Petitioner submits the declarations of his attorney in the Mexican criminal proceeding, Ruben Uriza, and the attorney in his moral damages proceeding, Christian Zinser. (*See* Uriza Decl.; ECF No. 18-1; Zinser Decl.; ECF No. 18-2). As discussed herein, the Uriza Declaration opines on the scope of the privilege against self-incrimination in Mexico. (*See generally* ECF No. 18-1). The Zinser Declaration discusses certain rules of procedure in Mexico as they relate to the moral damages proceeding. (*See generally* ECF No. 18-3).

4

self-incrimination in Mexico applies in both civil and criminal cases.  (*See* ECF No. 20 at 7-10).[8]

Finally, Respondent continues to assert that the *Intel* factors do not support discovery in this case.

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation."  28 U.S.C.§ 1782(a).  But "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." *Id*.

Section 1782 is designed "to facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect."  *In re Bayer AG*, 146 F.3d 188, 191–92 (3d Cir. 1998), as amended (July 23, 1998).  The statute authorizes district courts to order discovery from United States residents for use in foreign proceedings.  *See* 28 U.S.C. § 1782; *Intel Corp.*, 542 U.S. at 247.  As the Third Circuit has made clear, the standards governing the scope of discovery under the Federal Rules of Civil Procedure should apply to discovery sought pursuant to Section 1782.  *See In re Ex Parte Glob. Energy Horizons Corp.*, 647 Fed. Appx. 83, 85-86 (3d Cir. 2016) ("Section 1782 expressly incorporates the Federal Rules of Civil Procedure . . . .").

Courts review Section 1782 applications using two sets of factors—one statutory and one discretionary.  *See id.; see also SPS Corp. I v. Fundo De Investimento, et al.*, -- F.4th --, 2024 WL 3590063, at *2 (3d Cir. July 31, 2024).

---

[8] In connection with her analysis of foreign privilege law, Respondent submits a supplemental declaration from Mr. Ortiz in further support of Respondent's motion to quash.  *See* Second Declaration of Jorge Sánchez Magallán Ortiz ("Second Ortiz Decl."; ECF No. 20-1).

The statutory requirements an applicant must establish are: "(1) the person from whom discovery is sought resides [or is found] in the district; (2) the request seeks the 'testimony or statement' of a person or the production of a 'document or other thing'; (3) the discovery is for use in proceedings before a foreign or international tribunal; and (4) the application is made by either a 'foreign or international tribunal' or by an 'interested party.'" *In re O'Keeffe*, 646 Fed. Appx. 263, 265 n.4 (3d Cir. 2016).  An applicant must establish the statutory requirements before consideration of the discretionary *Intel* factors.  *See SPS Corp. I*, 2024 WL 3590063, at *2 ("Before a court can evaluate the discretionary *Intel* factors, it must ensure that the applicant meets these statutory requirements"); *see also In re Selman*, 2024 WL 1092025, at *2 (D. Del. Mar. 13, 2024) ("the applicant must first demonstrate that [the] . . . statutory requirements are met"); *In re Yilport*, 2023 WL 2140111, at *3; *In re Lazaridis*, 865 F. Supp. 2d 521, 526 (D.N.J. 2011).

If the statutory requirements of Section 1782 are met, the statute "authorizes, but does not require, a federal district court" to allow the discovery.  *See Kulzer v. Esschem, Inc.*, 390 Fed. Appx. 88, 92 (3d Cir. 2010) ("The statute authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad.").  The Supreme Court has identified four factors that are relevant to this exercise of discretion:

> [1] Whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid;
> [2] The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
> [3] Whether the § 1782 request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; [and]
> [4] Whether the subpoena contains unduly intrusive or burdensome requests.

6

*Intel*, 542 U.S. at 264–65 (brackets added).

At this step of the process, "[c]onsistent with ... Congress's goal of providing equitable and efficacious discovery procedures, district courts should treat relevant discovery materials sought pursuant to § 1782 as discoverable unless the party opposing the application can demonstrate facts sufficient to justify the denial of the application." *In re Bayer AG*, 146 F.3d at 195; *see also In re Selman*, 2024 WL 1092025, at *2.

## IV.  DISCUSSION

### A.  STATUTORY REQUIREMENTS

The parties only dispute the third statutory requirement—that is, whether the discovery sought is "for use" in a foreign proceeding.  *See Intel Corp.*, 542 U.S. at 529.[9]

To be considered "for use" in a foreign proceeding, the applicant must show some "means of injecting the evidence into the proceeding . . . such that it may 'use' the information, or . . . employ it with some advantage." *Certain Funds v. KPMG, LLP*, 798 F.3d 113, 120 (2d Cir. 2015) (citing *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015)); *see In re Matter of Rosa Carolina Germano Dos Santos*, 2023 WL 4993673, at *5 (D.N.J. Aug. 4, 2023). "The key question is not whether the information sought is relevant, but whether [] the proponent of the evidence 'will actually be able to use the information in the proceeding.'" *In re JSC United Chemical Co. Uralchem*, 2020 WL 4251476, at *4 (D.N.J. July 24, 2020) (quoting *Certain Funds*, 798 F.3d at 120). While a district court should not ultimately conclude whether discovery will be admissible in a foreign court, *see Matter of Rosa Carolina*, 2023 WL 4993673, at *5, the applicant must make more than a "perfunctory demonstration" that the discovery can be injected into and "used" with

---

[9] The Court finds it undisputed that the other three statutory requirements are satisfied: Respondent is in New Jersey; Petitioner seeks deposition testimony; and Petitioner is an interested party in the Mexican Proceedings. *See* 28 U.S.C. § 1782(a).

7

some advantage in the foreign proceeding. *In re Yilport Holding*, 2023 WL 2140111 at \*6; *see also Uralchem*, 2020 WL 4251476, at \*5 ("The 'for use' requirement requires that [p]etitioner establish the discovery include 'materials that can be made use of in the foreign proceeding to increase [the petitioner's] chances of success.'").

Respondent argues that Petitioner fails to establish the "for use" requirement because he has only vaguely described the Mexican Proceedings and has failed to provide any detail or explanation about the legal claims and issues involved. (*See* ECF No. 14 at 9-10; ECF No. 20 at 3-5). Further, Respondent contends that Petitioner does not provide any information about the rules or procedures governing the Mexican Proceedings and has failed to identify or explain any method to inject or use Ms. Rowin's deposition testimony in a case pending in Mexico. (*See* ECF No. 20 at 3-5).

Initially, the Court agrees that Petitioner has not clearly described the nature and scope of the Mexican Proceedings in his application or clearly identified how many cases are actually pending. Petitioner's supporting declaration from his attorney in the criminal case in Mexico, Mr. Uriza, refers to three pending cases, a criminal case and two civil cases. (*See* Uriza Decl., ¶ 5). However, Respondent's supporting declaration from UBS's criminal counsel in Mexico explains that there are five pending cases, dating back to 2018, including two criminal cases, one specifically against Ms. Rowin. (*See* Ortiz Decl., ¶ 7(a)-(e)). Irrespective of the precise number of actions pertaining to the alleged discriminatory conduct, Petitioner's submissions do not describe the details of these various cases, including whether discovery is open and whether further discovery may be conducted in any of them.

When Petitioner filed his *ex-parte* application, the Court was presented with limited information regarding the Mexican Proceedings and how Ms. Rowin's testimony would be used

8

in those proceedings.  Given the nature of the *ex-parte* application, the application was granted.  However, Respondent has now challenged the Rowin Subpoena, which requires Petitioner to provide some additional information.  He has not.  Instead, Petitioner merely repeats the same vague basis for seeking the deposition testimony—that is, Ms. Rowin's testimony would be relevant to the Mexican Proceedings.  However, the key inquiry is not whether the information sought will be relevant but rather how Petitioner will be able to use the information in the foreign proceedings.  Absent from Petitioner's submission is any explanation of how testimony elicited during a deposition conducted pursuant to the Federal Rules of Civil Procedure could be injected into proceedings in Mexico.  Instead, Mr. Poblete simply discusses the various cases pending in different courts in Mexico interchangeably and without any detail.

Even if this Court were to consider Petitioner's proffer concerning the relevance of the information, he does not consistently and clearly identify the relevance of Ms. Rowin's testimony to a *specific* proceeding or claim.  For example, at one point, Petitioner implies that Ms. Rowin's testimony could be introduced in all three proceedings on the question of UBS's alleged discrimination.  (*See* ECF No. 18 at 6-8).  However, at other times, Petitioner does not mention the criminal proceeding and appears to focus on the two civil proceedings.  (*See* ECF No. 18 at 9-10).  Accordingly, Petitioner has failed to establish the status of the cases in Mexico, whether discovery is permissible, and if so, whether it remains open, and how Ms. Rowin's deposition testimony would be used.

To support his Section 1782 application, Petitioner submits declarations from two of his attorneys in Mexico, Messrs. Uriza and Zinser.  However, neither declaration supports Petitioner's request.

First, Mr. Uriza's declaration opines that Ms. Rowin's testimony could be used in the civil proceedings but does not explain how or in what way such evidence could be introduced into any of the pending civil cases. (*See* Uriza Decl., ¶ 14). Moreover, the supporting declaration does not mention whether the testimony is even permissible in the criminal proceedings let alone how it could (or would) be used. (*See id.*)

Second, the supporting declaration from Mr. Zinser addresses certain general issues regarding court procedures in Mexico, but it does not address how evidence would be used in this case. Specifically, Mr. Zinser's declaration states that pre-trial depositions are not available in Mexico and that evidence in support of a civil case must be submitted at the time the case is filed, absent certain exceptions. (Zinsler Decl., ¶¶ 5-10). Yet, the moral damages proceeding appears to have been filed in 2020 while Petitioner filed the *ex parte* application with this Court in September 2023. (*See* Zinser Decl., ¶ 1; Ortiz Decl., ¶ 7(c)). Putting that aside, Mr. Zinser further opines that:

- Petitioner "has no ability to take broad pre-trial discovery pursuant to Mexican procedural law . . . [and that] it is not possible for a litigant to issue witness subpoenas and take depositions prior to trial." (Zinser Decl., ¶6);

- that civil litigants in Mexico "must present their evidence together with their initial pleading," (Zinser Decl., ¶ 8);

- that "a litigant may request testimony to be taken by a witness in a hearing at trial, but not during the pre-trial phase of the case by way of deposition" (*id.*, ¶ 9); and

- that "attempting to subpoena Ms. Rowin to take a pre-trial deposition in the Moral Damages Proceeding would be futile" (*id.*, ¶ 10).

Based on the foregoing, the Zinser Declaration does not explain how Petitioner would use deposition testimony in a civil (or criminal case) in Mexico, as neither Petitioner nor Mr. Zinser explain whether discovery in a case in Mexico is still open, and if so, which one. Likewise, neither

10

Mr. Zinser nor anyone else explains or proffers the mechanics of how Ms. Rowin's deposition testimony would be injected into any case, whether civil or criminal, pending in Mexico.

In short, Petitioner does not elaborate on how Ms. Rowin's deposition testimony can be made use of in the Mexican Proceedings. His "perfunctory" demonstration misses the mark. *See Yilport*, 2023 WL 2140111 at *6; *Uralchem*, 2020 WL 4251476, at *5. Even crediting Petitioner's assertion that Ms. Rowin has relevant information, the Court finds Petitioner's supporting arguments fall short of meeting Section 1782's for use requirement. *See Certain Funds*, 798 F.3d at 120. Accordingly, Petitioner has not met the Section 1782 statutory requirements in this case. For that reason, Respondent's motion to quash must be granted. *See SPS Corp. I*, 2024 WL 3590063, at *2.

Given the Court's findings, there is no is no need to proceed further. *See id.* Nevertheless, the Court briefly addresses the parties' remaining arguments.

### B.   **PRIVILEGE**

Section 1782 precludes discovery of information shielded by an applicable privilege. *See* 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 260 ("We note at the outset, and count it significant, that § 1782(a) expressly shields privileged material"). The Third Circuit has not expressly addressed whether the "privilege" prohibition in Section 1782 is meant to include privileges recognized under foreign law. However, numerous courts, including several courts of appeals, have held that privilege protection extends to foreign privileges. *See Banca Pueyo SA v. Lone Star Fund IX* (US), L.P., 55 F.4th 469, 473 n.5 (5th Cir. 2010); *In re Application for an Ord. Permitting Metallgesellschaft AG to Take Discovery*, 121 F.3d 77, 80 (2d Cir. 1997); *In re Grand Jury Proceedings, Doe No. 700*, 817 F.2d 1108, 1112 (4th Cir. 1987); *In re Petition of the Republic of Turkey for an Order Directing Discovery from Hamit Cicek Pursuant to 28 U.S.C. § 1782*, 2020

WL 4035499 (D.N.J. July 17, 2020) (evaluating claims of self-incrimination under Turkish law). To preclude Section 1782 discovery based on a foreign privilege, the party objecting to discovery must provide "authoritative proof" that the foreign tribunal would reject the proposed evidence. *See In re Metallgesellschaft AG*, 121 F.3d at 80.  "Examples of such 'authoritative proof' would include 'a forum country's judicial, executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures.'" *In re Application of RH2 Participates Societras LTDA Under Section 1782*, 2024 WL 3598379, at *5 (D.N.J. July 31, 2024) (quoting *In re Application for Discovery for Use in Foreign Proceeding*, 2019 WL 168828, at *8 (D.N.J. Jan. 10, 2019)).

Here, the parties have submitted dueling expert declarations addressing the law of privilege in Mexico. *Compare* Ortiz Decl. (ECF No. 14-1) & Second Ortiz Decl. (ECF No. 20-1), *with* Uriza Decl. (ECF No. 18-1).  Respondent's expert opines that the privilege against self-incrimination exists in criminal cases, relying on the statutory text of the Mexican Constitution and decisions from the Mexico Supreme Court. (Ortiz Decl., ¶¶ 16-17, 19-22).  Further, he opines that the privilege against self-incrimination would extend to testimony in any civil proceeding, and that Ms. Rowin could not be compelled to testify on any matter pertaining to the alleged discrimination against Mr. Poblete. (*Id.*, ¶ 32-33).  In contrast, Petitioner's counsel acknowledges there is a right against self-incrimination in a criminal case, (Uriza Decl., ¶ 9), but opines that Ms. Rowin's testimony would be admissible in civil cases (*id.*, ¶¶ 9-14).

Taken together, the parties' expert declarations appear to confirm that there is a privilege against self-incrimination that applies in criminal cases.  As a result, to the extent Petitioner is seeking to take Respondent's deposition for use in a criminal case (which again, is not clear), Respondent appears to have submitted, through the Ortiz Declarations, the necessary authoritative

proof that such discovery would not be permitted to be used in a foreign proceeding. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). As such, this Court finds that Respondent has established through authoritative -- and essentially unrebutted -- proof that Ms. Rowin's testimony is not appropriate for use in a criminal case.

The question of whether and to what extent the privilege against self-incrimination extends to civil cases is less clear. Indeed, the parties' competing declarants have diametrically different views on the scope of the privilege against self-incrimination in civil cases in Mexico. This Court, however, is not permitted to engage in speculative evaluations of foreign law. *See O'Keeffe*, 646 Fed. Appx. at 266. As courts have noted, *Intel* warned "against interpreting § 1782 so as to require United States courts to analyze foreign legal rules and systems," as "comparison of systems is slippery business," that would "both draw this Court into a difficult investigation of a foreign legal system and bind it with the restrictions of foreign discovery rules." *In re Application of Imanagement Servs. Ltd.*, 2006 WL 547949, at *3 (D.N.J. Mar. 3, 2006). Thus, to proceed to resolve the foreign privilege dispute in this case would require this Court to engage in a prohibited "speculative foray[ ] into legal territories unfamiliar to federal judges," *Euromepa*, 51 F.3d at 1099, and would result in "an unduly expensive and time-consuming fight about foreign law." *Id*.

Accordingly, this Court declines to determine whether the privilege against self-incrimination extends to civil cases in Mexico as it relates to the instant motion to quash.[10] Since

---

[10] Petitioner's reliance on *In re Application of Banco Mercantil De Norte S.A.*, 2023 WL 6690708, at *9 (E.D. Va. Oct. 12, 2023), does not compel a different result. The court in *Banco Mercantil* allowed Section 1782 discovery sought for use in Mexico to proceed upon a determination it would be relevant to civil proceedings related to a ongoing criminal proceedings. *See id.* at *9. For one thing, Petitioner cites *Banco Mercantil* for the proposition that the privilege against self-incrimination does not extend to civil proceedings. (*See* ECF No. 18 at 12). This Court does not find to the contrary. Putting that aside, unlike here, the applicant in *Banco Mercantil* explained the ongoing civil proceedings in great detail and supported the relevance of the discovery sought through an application with affidavits and "hundreds of pages of Mexican proceeding court documents" *Id.* at *5. Here, Petitioner neither has explained the nature or status of the pending civil (or criminal) proceedings or who are the named parties in any detail, nor has he explained the relevance or potential means to use the deposition testimony sought.

13

Plaintiff has not clearly indicated in which specific Mexico-based proceeding he intends to use the requested deposition testimony, the Court has legitimate concerns that the discovery sought would violate Section 1782's privilege prohibition. Nevertheless, as Petitioner has failed to establish all four statutory requirements, the Court need not wade into the difficult task of determining whether Section 1782's privilege provision would completely preclude Ms. Rowin's deposition.

### C.   THE *INTEL* FACTORS

Since Petitioner has not met the statutory requirements for Section 1782 relief, there is no need to evaluate the discretionary *Intel* factors. *See In re Uralchem*, 2020 WL 4251476, at *4. However, for purposes of completeness, they are evaluated below.

The first *Intel* factor is "[w]hether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid." *Id.* at 264–65. "[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for [Section 1782] aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad," as "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.*

Here, it is undisputed that Respondent is a party to a criminal proceeding in Mexico. (*See* ECF No. 18 at 4; Ortiz Decl., ¶¶ 16-17). Indeed, it is represented that a Control Judge of the Superior Court of Justice of Mexico City has exercised jurisdiction over Respondent and entered an Order summoning Ms. Rowin to appear. (Ortiz Decl., ¶ 16). Presumably, if the presiding judge determined testimony from Respondent was permissible and appropriate, it could order her to so testify in that case. For that reason, the first *Intel* factor weighs strongly against granting the application for Section 1782 discovery. *See, e.g.*, *In re Frasers Grp. PLC*, 2024 WL 139488, at *3 (D.N.J. Jan. 12, 2024) ("'when the real party from whom documents are sought ... is involved

in foreign proceedings, the first *Intel* factor counsels against granting a Section 1782 petition.'") (quoting *Kiobel by Samkalden v. Cravath Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018)).

The second *Intel* factor asks courts to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *In re O'Keeffe*, 646 Fed. Appx. at 266.  Here, beside passing references, Petitioner has provided no explanation about the nature, scope, or stage of the Mexican Proceedings.  On the other hand, case law suggests that courts in Mexico are generally receptive to Section 1782 discovery. *See, e.g.*, *In re Application of Banco Mercantil De Norte, S.A.*, 2023 WL 6690708, at *8 (E.D. Va. Oct. 12, 2023); *Bush v. Cardtronics*, 2020 WL 6261694, at *4 (S.D. Tex. Oct. 23, 2020); *Grupo Mexico Sab De CV*, 2014 WL 12691097, at *3 (N.D. Tex. Oct. 17, 2014).  Thus, this factor tips slightly in favor of Petitioner.

The third *Intel* factor considers whether a Section 1782 applicant is trying to circumvent "foreign proof gathering restrictions or other policies of a foreign country." *In re Carolina Germano Dos Santos*, 2023 WL 4993673, at *5.  Although "the court must consider whether the litigant's motives are tainted by surreptitious effort to bypass foreign discovery rules . . . that consideration cannot serve as the sole determining factor because the statute does not reference a requirement of discoverability under the foreign country's laws." *Id.* (quotation omitted).

Here, Petitioner does not explain any effort made to secure any discovery in the courts of Mexico.  Indeed, even though Petitioner represents that Ms. Rowin has been directed to appear in a criminal proceeding in Mexico, he does not identify any effort or request to obtain discovery from her in that court.  Moreover, Petitioner's own expert has explained the absence of pre-trial depositions related to civil proceedings in Mexico. (*See* Zinser Decl., ¶¶ 9-10).  While it is true a Section 1782 applicant "need not seek discovery from the foreign tribunal first or exhaust all

15

possible avenues before applying for Section 1782 aid, a perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to Section 1782 can be a factor in a court's analysis." *In re Application*, 2019 WL 168828, at *8.  Given Ms. Rowin is alleged to be a party in at least one Mexican proceeding, there is no indication that Petitioner would be unable to obtain the necessary discovery in the foreign forum, absent the application of the privilege against self-incrimination.  As noted, it is unclear whether Petitioner failed to seek discovery from that court.  Yet, it is clear that he has failed to explain any such efforts, choosing instead to resort to Section 1782.  Moreover, given the absence of a mechanism to take a pretrial deposition in Mexico, there is some indication that Petitioner is seeking to obtain discovery under more favorable discovery rules than are available in Mexico.  For that reason, the Court concludes the third *Intel* factor weighs slightly against granting the application.

The final *Intel* factor requires courts to consider whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.  As stated previously, the Federal Rules of Civil Procedure apply to determining whether to permit discovery pursuant to Section 1782 applications. *See Ex Parte Glob. Energy*, 647 Fed Appx. at 85-86.  "Assessment of the fourth factor is virtually identical to the familiar 'overly burdensome analysis that is integral to the Federal Rules.'" *California State Tchrs. Ret. Sys. v. Novo Nordisk, Inc.*, 2020 WL 6336199, at *10 (D.N.J. Oct. 29, 2020) (quoting *In re Ex Parte Glob. Energy Horizons Corp.*, 647 Fed Appx. at 85–86).  Thus, the requested discovery must be reasonably calculated to lead to the discovery of admissible evidence, consistent with Rule 26(b)(1), and avoid imposing undue burden or expense on the subpoenaed entity, pursuant to Rule 45(d).  *See id*.  It is axiomatic that privileged information is not discoverable.  *See* Fed. R. Civ. P. 26(b)(1); *Brock v. Gerace*, 110 F.R.D. 58, 62 (D.N.J. 1986).

To the extent Petitioner seeks Respondent's deposition testimony for use in a criminal proceeding, it would not be appropriate, relevant, or discoverable information.  *See* Fed. R. Civ. P. 26(b).  Moreover, Petitioner has not explained in sufficient detail the relevance of the proposed deposition testimony to any ongoing civil proceeding.  Absent an indication that the discovery would be useful to a court in Mexico, the fourth *Intel* factor would weigh against discovery.  *See In re Tenenbaum,* 2018 WL 10451506, at *2 (C.D. Cal. Nov. 19, 2018) (narrowing scope of Section 1782 request for discovery for use in Mexico when "[p]etitioner . . . made no effort to demonstrate that the Mexican court will find any of the information requested, including the temporal scope of the requests, useful in the Mexican . . . proceeding.").  Because Petitioner has not established that Respondent's deposition testimony can be used in a criminal proceeding or that it is relevant in any civil proceeding in Mexico, the fourth *Intel* factor weighs against granting the application.

Based on the foregoing reasons, the Court finds, on balance, that *Intel* factors weigh against allowing discovery pursuant to Section 1782.

**V.      CONCLUSION**

For the reasons set forth above, Respondent's motion to quash, (ECF No. 14), is **GRANTED**.  An appropriate form of order will be entered.


s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**


Dated: August 9, 2024


cc:  Hon. Michael E. Farbiarz, U.S.D.J.