UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re Leonardo Poblete Application For An Order Directing Discovery In Aid of Foreign Proceedings Pursuant To 28 U.S.C. § 1782 | Civil Action No. 23-20477 (MEF)(JSA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

\* \* \*

The procedural history here is complicated. It includes an appeal that was taken prematurely, and that eventually led to a remand back to this Court.

This up-and-back has had two main knock-on effects.

\* \* \*

First, it has left the parties debating the appropriate standard under which the undersigned should review the relevant order of the United States Magistrate Judge. Compare Memorandum of Law in Support of Motion for Entry of Final Order Accepting, Rejecting, or Modifying Magistrate Judge's Order on Motion to Quash (ECF 32) at 8, 15 with Memorandum of Law in Response to Motion for Entry of Final Order Accepting, Rejecting, or Modifying Magistrate Judge's Order on Motion to Quash (ECF 34) at 6.

These are potentially consequential (and difficult) questions.

And they are also highly technical ones --- as to which the parties have not come forward with a great deal of law.

\* \* \*

Second, the appeal took meaningful time. That now leaves the parties arguing based on facts that may possibly be somewhat stale.

Judicial proceedings in Mexico, for example, may have developed in ways that matter for the Section 1782 decision that needs making here.

That possible shifting of the ground is a reason to allow the parties to make fresh arguments, should they wish to. Cf. Mees v. Buiter, 793 F.3d 291, 301-02 (2d Cir. 2015).

\* \* \*

In addition to the above, the Respondent's prior legal briefing rested heavily on an out-of-circuit decision, Certain Funds, Accts. and/or Inv. Vehicles v. KPMG, LLP, 798 F.3d 113 (2d Cir. 2015). See Motion to Quash (ECF 14) at 8-10.

Respondent read Certain Funds to suggest that Section 1782 requires the sought-after material (or at least some meaningful portion of it) to be somehow admissible in the underlying foreign proceeding --- that the material be capable of being "inject[ed]" into that proceeding. See Motion to Quash at 9.[1]

But regardless of whether Certain Funds can be distinguished from this case on factual grounds, as the Petitioner now argues, its focus on admissibility is at odds with Third Circuit precedent.[2]

---

[1] Based on the Respondent's arguments, the Court took a similar tack. See Opinion (ECF 23) at 7-11.

[2] See, e.g., John Deere Ltd. v. Sperry Corp., 754 F.2d 132, 136-37 (3d Cir. 1985) ("Although the district court ruled in part that a section 1782 order should be denied because the evidence sought appeared inadmissible in a Canadian court, we do not believe such a decision was within the province of the district court. . . . [T]he foreign tribunal should decide what use it wishes to allow the elicited documents and testimony."); see also In re Bayer AG, 146 F.3d 188, 193 (3d Cir. 1998) (reading John Deere as deciding "that § 1782 does not require that . . . the materials sought would be admissible in the foreign jurisdiction"); In re Biomet Orthopaedics Switzerland GMBH, 742

\*   \*   \*

In light of the above, and the motion at ECF 32, the Court vacates the Order at ECF 24.

This will allow the parties to make any additional arguments the United States Magistrate Judge determines to allow, including any based on new information or more fully developed submissions. From there, the Magistrate Judge can issue a Report and Recommendation that can be reviewed, as may be requested by one of the parties, without any need to work through seemingly-novel threshold questions as to the governing standard of review.[3]

It is on this 9th day of September, 2024 **SO ORDERED.**

_____
Michael E. Farbiarz, U.S.D.J.

---

F. App'x 690, 697 (3d Cir. 2018) ("Surveying German law to determine a particular document's admissibility . . . is exactly the kind of speculative foray into legal territories unfamiliar to federal judges, that would be in tension with § 1782.") (cleaned up); In re O'Keeffe, 646 F. App'x 263, 267 (3d Cir. 2016) ("We have never required district courts to determine whether particular evidence would be admissible in a foreign court.") (emphasis omitted).

[3] How today's Opinion and Order might or might not impact any analysis under Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), is a question as to which the Court expresses no opinion.